_____FILED _____ENTERED
_____LODGED _____RECEIVED

AO 440 (Rev. 06/12) Summons in a Civil Action

OCT 2 6 2021

# UNITED STATES DISTRICT COURT
for the
District of Maryland ▼

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

Dawn C. Polk )
)
)
)
)
*Plaintiff(s)* )
v. ) Civil Action No. 1:21-cv-01740-ADC
Alton Lamontagne )
Roadforeman Manager )
)
)
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Alton Lamontagne
C/O
Amtrak Baltimore Crew Base
Baltimore Penn Station
1500 N. Charles Street
Baltimore, MD 21201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Dawn C. Polk
6376 Centennial Circle
Apt D
Glen Burnie, Maryland 21061
email: iceunme@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 9/20/2021 _____
 *Deputy Clerk*

Case 1:21-cv-01740-LKG   Document 14   Filed 09/20/21   Page 10 of 10

| U.S. Department of Justice<br>United States Marshals Service | **PROCESS RECEIPT AND RETURN**<br>*See "Instructions for Service of Process by U.S. Marshal"* |
|---|---|

| PLAINTIFF<br>DAWN C. POLK | COURT CASE NUMBER<br>1:21-CV-1740-ADC |
|---|---|
| DEFENDANT<br>ALTON LAMONTAGNE | TYPE OF PROCESS<br>COMPLAINT |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
ALTON LAMONTAGNE AMTRAK/MARC ROAD FOREMAN MANAGER BALTIMORE CREW BASE
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
1500 North Charles Street Baltimore, MD 21201-5815

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

DAWN C. POLK
6376 CENTENNIAL CIRCLE
APT D
GLEN BURNIE, MARYLAND 21061

| Number of process to be served with this Form 285 | 1 |
|---|---|
| Number of parties to be served in this case | 5 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses,* **ENTERED**
*All Telephone Numbers, and Estimated Times Available for Service):* _____ LODGED _____ RECEIVED
Fold                                                                                                                              Fold

ALTON LAMONTAGNE BALTIMORE CREW BASE LOCATION
1500 North Charles Street
Baltimore, MD 21201-5815
EMAIL : alamontagne@icloud.com   alton.lamontagne@amtrak.com
CELL: (904) 234-0447

OCT 2 6 2021

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

| Signature of Attorney other Originator requesting service on behalf of:<br>*Dawn Polk* | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>412-414-3172 | DATE<br>9/17/21 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am<br>☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)<br>**$0.00** |
|---|---|---|---|---|---|

REMARKS:

DISTRIBUTE TO:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

POLK VS AMTRAK NATIONAL PASSENGER RAILROAD CORPORATION

CASE# 1:21-cv-01740-LKG

FILED ___ ENTERED
___ LODGED ___ RECEIVED
OCT 2 6 2021
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

The AMTRAK DRO and EEOC report was filed on February 04th, 2021 after it became very obvious and clear to me that I was being discriminated against. I was NEVER under a RULE G violation, NEVER had a RULE G occurrence and NEVER tested positive for any drugs or alcohol in my 23 years employment with Amtrak. Amtrak Labor Relations created the April 2019 contractual agreement to appear as if a RULE G violation had occurred and this provision was made to discredit me and to not make it look like the Amtrak Drug and Alcohol policy of 2017 was violated.

According to the 2017 Amtrak Drug and Alcohol policy I was governed under in 2019, page 24-25 states that a second drug test may be required and following the results of that second test then a shy bladder assessment may be required. There is nothing stated on page #25 Amtrak Drug and Alcohol policy of 2017 that when a second drug test is required, there is nothing stated under which a second test would NOT be honored.

The former DER/MRO Andrew Collins, denied me the opportunity to return to Concentra the very next day for a second return to work drug test and I was ordered to go back for a shy bladder evaluation. Andrew Collins chuckled over the phone as I requested to return the very next day to receive a second return to work drug test and I wholeheartedly believe the decline by Andrew was racially motivated. It is well known and has been nothing short of the norm that when an Amtrak employee does not submit a urine specimen satisfying the requirements: aside from a positive test, they are instructed to go back the very next day for a second test. I have spoken to numerous Amtrak employees in the past, who were instructed to go back the next day for a second drug test. My circumstance should have been no different.

Upon labor Relations and Union representation contacting Andrew Collins

for a second return to work drug test, Andrew Collins gave Labor Relations and the Union representation complete resistance. It took approximately (6) weeks for me to receive a second return to work drug test and contingent upon agreeing to the stipulations adhered to in the contractual agreement. I fulfilled my contractual obligation in regards to the April 22, 2019 agreement I signed under duress. I submitted to and was more than willing and did fulfill my contractual stipulations for the minimum of 6 announced "follow-up drug tests" in one year active service returning to work. I returned to work from a work injury on May 08, 2019 and May 08, 2020 would have been the 1 year contractual follow-up drug test fulfillment; yet instill, I received (7) additional "follow-up" drug tests that were administered after the contractual agreement I signed April 22, 2019 had been expunged, expired and removed from my file. These excessive "follow-up" drug tests were in retaliation to the level in which I was willing to fight and show I was being discriminated, harassed and ultimately caused severe intentional infliction of physical and emotional pain because these "follow-up" drug tests were a direct interference and hinderance with my pain management regarding my knee injuries and being able to work and do basic daily activities from day to day.

It wasn't until I filed the AMTRAK DRO repot that I received a call from Karen Bright, Amtrak compliance in Chicago, Illinois on February 17th, 2021 at 1030 am EST. Karen Bright explained to me that the reason I received (7) unannounced "follow -up" drug tests after the contractual expired was because someone in the Amtrak Drug and Alcohol Department mistakenly entered the information into the computer wrong that I should have been tested for (2) years instead of the (1) year and that was the mistake. Karen Bright stated that it has since been corrected in the system and they have reached out to RIGHT CARE DAY ONE and the Amtrak Drug and Alcohol Department to make sure the computer entry mistake was corrected. Karen Bright asked me if that made since to me or gave me some closure and I replied NO! I expressed

to Karen that none of this had to happened and I have been experiencing severe depression, anxiety and excessive knee pain due to a lack of missing water/physical therapy treatments behind all of this in regards to the manner in which I was treated. Karen Bright expressed a lot of concern and asked if I utilized the AMTRAK EAP Department because I had been through a lot. I expressed to Karen that I do not trust the confidentiality of the AMTRAK EAP DEPARTMENT and I have sought and still seeking outside emotional health counseling, not affiliated with AMTRAK.

Karen Bright also informed me that on February 12th, 2021 there was a meeting with Amtrak management. During this meeting, TM Armstrong informed Karen Bright that there was no violation of hours of service and that the FRA instructed Amtrak management to change the code when an employee governed under hours of service is being a drug test.

Karen Bright informed me that she wanted to reach back out to the Amtrak Drug and Alcohol Department to get a few more of her questions answered and could she call me back sometime next week. I replied yes, that is fine and Karen Bright NEVER called me back and the Amtrak DRO report was closed (2) weeks later.


I have spoken to the FRA and the FRA has reassured me that AMTRAK management did in fact violate hours of service on 01-26-2021 and 02-04-2021 which they will receive monetary fines for when they held me after the 12 hours I was allowed to be on duty. In addition to the willful violations of hours of service that occurred on these particular (2) days,; the timecard that was manipulated and falsified to not show the hours of service violation on January 26th, 2021, the FRA representative I spoke with informed me that the monetary fine issued for the falsification of the timecard will be handled by another FRA representative.

The FRA representative also made it known to me that when he initially

was made aware of these hours of service violations by way of union representation; he informed me that before he even began his investigations, as he contacted Amtrak management, they were making their best attempts to try and "cover up", "hush away" their willful violations of hours of service and timecard manipulation.


My summons included (5) defendants: Amtrak National Passenger Railroad Corporation, Andrew Collins, Tracey Armstrong, Curtiss Stencil and Alton Lamontagne. I completed and issued (5) individual summons. Alton Lamontagne was served and his summons is listed on the docket. The summons document is stamped, filed and dated 09/20/2021. In addition, lines #1 and #14 on the docket is in reference to Alton Lamontagne complaint and summons is documented.

*[signature]*