**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| **DAWN C. POLK**<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK,** *et al.*,<br><br>**Defendants.** | Case No. 1:21-cv-01740-LKG |

**DEFENDANT ALTON LAMONTAGEN'S OPPOSITION TO PLAINTIFF'S MOTION
<u>FOR DEFAULT JUDGMENT AGAINST HIM</u>**

Defendant, Alton Lamontagne ("Mr. Lamontagne"), by and through his undersigned counsel, hereby opposes Plaintiff Dawn Polk's ("Plaintiff" or "Ms. Polk") Motion for a Default Judgment (ECF No. 33) against him.

**I.   INTRODUCTION**

Ms. Polk, who is proceeding *pro se*, attempted to have her Complaint served upon Mr. Lamontagne (an employee of Defendant Amtrak) in October 2021 by having the U.S. Marshals Service send a copy of it to him by certified mail at an Amtrak facility. However, the mailing was signed for by "COVID 19" and there is no evidence showing that Mr. Lamontagne actually received it, or that Ms. Polk ever attempted to serve a Summons upon him. Nonetheless, after learning that he was named as a Defendant in this action, Mr. Lamontagne voluntarily accepted service of process, counsel entered an appearance on his behalf on November 4, 2021, and he will move to join in Amtrak's pending motion to dismiss Plaintiff's Complaint (ECF No. 34), which states no viable claim against him. Because the time for Mr. Lamontagne to respond to Ms. Polk's

Complaint has not yet expired, he is not in default of any obligation under the Federal Rules of Civil Procedure, and Ms. Polk's motion for default judgment against him must be denied.

## II. PROCEDURAL HISTORY

Ms. Polk filed her Complaint on July 12, 2021. *See* ECF No. 1. On October 28, 2021, Ms. Polk filed a Process Receipt and Return relating to service of process upon Mr. Lamontagne. ECF No. 39. The form indicates that Ms. Polk's Complaint was received by the U.S. Marshals Service on September 20, 2021 for service upon Mr. Lamontagne. *Id.* The form is silent regarding whether Ms. Polk provided a Summons for service upon Mr. Lamontagne, as only "Complaint" is listed under Type of Process on the form. *See id.* The form indicates that the U.S. Marshals Service attempted to serve Ms. Polk's Complaint upon Mr. Lamontagne by United States mail at an Amtrak facility in Baltimore. *Id.* at p. 2. The portion of the form to be completed by a U.S. Marshal states as follows: Service sent 9/20/21, service accepted 9/27/21, green card returned 10/27/21. *Id.* at p. 1. The "green card" refers to a United States Postal Service return receipt card. *Id.* at p. 2. Both "Certified Mail/Restricted Delivery" and "Registered Mail/Restricted Delivery" are checked on the card. *Id.* The signature line on it indicates that the mailing was received by "COVID 19." *Id.* There is nothing on the Process Receipt and Return form or the postal return receipt card that indicates Mr. Lamontagne ever received the mailing.

## III. ARGUMENT

### A. Mr. Lamontagne Was Never Properly Served with Process.

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each document at the individual's usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each document to an agent authorized by appointment or by law to receive service of process. Ms. Polk did not serve Mr. Lamontagne by

any of these methods.

Rule 4(e)(1) provides that service may also be made by following state law for serving a summons in the state where the District Court is located. Under Maryland law, an individual may be personally served by mailing a copy of the summons and complaint by certified mail stating "Restricted Delivery – show to whom, date, address of delivery." Md. Rule of Civil Procedure 2-121. "Although Maryland law allows for service of process by certified mail, the mailing must be sent by 'restricted delivery,' so that only the addressee may sign for it." *Stamps v. Rollins*, No. TDC-17-0830, 2018 WL 1326413, at *4 (D. Md. Mar. 15, 2018).

Maryland Rule of Civil Procedure 2-126(a)(3) states that when service is made by certified mail, "the proof shall include the original return receipt." "When service is made by certified mail, the individual making service of process must file with the court, the original return receipt, bearing the defendant's signature, or an authorized agent's signature, as proof of service." *Little v. Estes*, No. WDQ-13-1514, 2013 WL 5945675, at *2. (D. Md. Nov. 5, 2013). In other words, there must be evidence that service reached the defendant or an authorize agent. For example, in *Ward v. Williams*, No. DKC 18-2708, 2019 WL 3555357 (D. Md. Aug. 5, 2019), this Court considered whether plaintiff properly effected service on an individual defendant when it was not clear that the person who received the certified mailing was the defendant's "agent authorized to receive service on behalf of Defendant[.]" *Id.* at *4. In the absence of such evidence, this Court found service was not proper. In reaching its conclusion, this Court cited *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649 (D. Md. 1986), which held that service was insufficient where neither of the named individuals had signed for the certified mail return receipts. *Id.* at 653-654. Similarly, in *Little*, *supra*, this Court considered a situation where the return receipts for the individually named defendants all appeared to be signed by the same person whose signature was illegible. 2013 WL

3

5945675 at * 2. This Court held that this was not sufficient to satisfy Rule 4. *Id*. And in *Stamps*, *supra*, even though service was ostensibly made via "restricted" delivery such that only the addressee *should have* been allowed to sign for it, service was ineffective because an unauthorized person actually signed for it. 2018 WL 1326413 at * 4.

The Fourth Circuit has held that while the technical requirements of the service rules may be liberally construed, "the rules are there to be followed, and plain requirement of the means of effective service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). The plaintiff bears the burden to show that service of process was performed in accordance with the requirements of the applicable rules. *Miller v. Baltimore City Bd. of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011).

Here, the U.S. Marshals Service attempted service upon Mr. Lamontagne by mailing the Complaint (but not necessarily the Summons) to an Amtrak facility where it was signed for by "COVID 19." ECF No. 39 at p. 2. There is nothing at all to suggest that it reached Mr. Lamontagne. Thus, service was not proper.

Because Mr. Lamontagne was not properly served with process, default judgment may not be entered against him. *See Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the [Fed.R.Civ.P.] before a default ... may be entered against a defendant.") (alternation in original).

**B.    Mr. Lamontagne Has Voluntarily Agreed To Accept Service And His Time To Respond To Plaintiff's Complaint Has Not Yet Expired.**

Although Ms. Polk never properly served Mr. Lamontagne with a Summons or the Complaint, he has learned of this lawsuit through Amtrak, his employer, and is now represented by the undersigned counsel. He has voluntarily agreed to accept service of process, and the undersigned counsel filed a Notice of Appearance on his behalf on November 4, 2021. Given this,

Mr. Lamontagne's time to answer, move or otherwise plead in response to Ms. Polk's Complaint as provided by Federal Rules 4(d)(3) and 12(a)(1)(A) has not yet elapsed. In addition, Mr. Lamontange intends to file a motion to join Amtrak's pending Motion to Dismiss Ms. Polk's Complaint (ECF No. 34). Mr. Lamontagne is, therefore, not in default of any obligation in this matter, and Ms. Polk's motion for default judgment must be denied.

### IV. CONCLUSION

For the foregoing reasons, Mr. Lamontagne respectfully requests that the Court deny Plaintiff's Motion for Default Judgment.

Dated: November 4, 2021

*/s/ Rosa T. Goodman*
Alison N. Davis (MD Bar No. 27987)
andavis@littler.com
Rosa T. Goodman (MD Bar No. 20739)
rtgoodman@littler.com
815 Connecticut Avenue, NW
Suite 400
Washington, DC 20006-4046
202.842.3400 (Telephone)
202.842.0011 (Facsimile)

*Counsel for Defendants National Railroad Passenger Corporation and Alton Lamontagne*